UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - x
                                      :
UNITED STATES OF AMERICA              :
                                      :   INFORMATION
          -v-                         :
                                      :   08 Cr. 647
JAMES CASTALDO,                       :
                                      :   J Karas
                    defendant.        :
                                      :
- - - - - - - - - - - - - - - - - - - x

### COUNT ONE

(CONSPIRACY)

The United States Attorney charges:

1.   From in or about January 2002, up to and including in or about March, 2006, in the Southern District of New York and elsewhere, JAMES CASTALDO, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Section 1341 of Title 18, United States Code.

2.   It was a part and an object of the conspiracy that JAMES CASTALDO, the defendant, and others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, and attempting so to do, would and did place in a post office and authorized depository for mail matter, a matter and thing to be sent and delivered by the Postal Service and would and did deposit and

cause to be deposited a matter and thing to be sent and delivered by private and commercial interstate carriers, and would and did take and receive therefrom, such matter and thing, and would and did knowingly cause to be delivered by mail and such carriers according to the directions thereon, such matter and thing, in violation of Title 18, United States Code, Section 1341.

### OVERT ACT

3.  In furtherance of the conspiracy and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

   a.  In or around January, 2002, JAMES CASTALDO, the defendant, authorized a co-conspirator not named as a defendant herein to transmit inflated bills which were mailed to the City of Mount Vernon for the removal of municipal waste.

   (Title 18, United States Code, Section 1349).

### COUNT TWO

(BRIBERY)

The United States Attorney further charges:

4.  From in or about 2002, through in or about March 2006, in the Southern District of New York and elsewhere, JAMES CASTALDO, the defendant, being an employee and agent of the City of Mount Vernon, Department of Public Works, a government and agency that received within the one-year period before and during the commission of this offense benefits in excess of

$10,000 under a Federal program involving subsidies and other forms of Federal assistance, unlawfully, willfully, knowingly and corruptly did accept and agree to accept a thing of value from any person, intending to be influenced and rewarded in connection with a business, transactions and series of transactions of such government and agency involving a thing of value of $5,000 or more, to wit, CASTALDO accepted payments in return for allowing A & D Carting to bill Mount Vernon for the removal of more waste from a Mount Vernon storage yard than it actually had removed.

(Title 18, United States Code, Sections 666(a)(1)(B) and 2.)

### FORFEITURE ALLEGATION

5. As a result of committing the mail fraud and bribery offenses alleged in Counts One and Two of this Indictment, JAMES CASTALDO the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property real and personal constituting or derived from proceeds obtained directly or indirectly as a result of the mail fraud and bribery offenses alleged in Counts One and Two of this Indictment, such sum in aggregate is property representing the amount of proceeds obtained as a result of the offenses alleged in Counts One and Two of the Indictment, for which the defendants are jointly and severally liable.

## Substitute Assets Provision

6. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

(Title 18, United States Code, Section 666, 981(a)(1)(C), and 1341 and Title 28, United States Code, Section 2461(c))

*Michael J. Garcia*
MICHAEL J. GARCIA
United States Attorney